IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SHUN BADY,

  Plaintiff,

vs.            No. 11-2708-STA-tmp

LEWIS GUY, et al.,

  Defendants.

---

ORDER OF DISMISSAL WITH PREJUDICE
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

  On August 16, 2011, Plaintiff Shun Bady, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., against Lewis Guy and Methodist Le Bonheur Health Care, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) Then-United States District Judge Bernice B. Donald issued an order on August 19, 2011, granting leave to proceed in forma pauperis. (ECF No. 3.) On October 11, 2011, Judge Donald dismissed the claims against Guy and directed the Clerk to issue process for, and the marshal to effect service on, Le Bonheur. (ECF No. 4.)[1]

  On November 21, 2011, Le Bonheur filed a Motion to Dismiss or, Alternatively, for Summary Judgment. (ECF Nos. 7, 8 &

---

[1] The case was reassigned to this judge on December 29, 2011. (ECF No. 12.)

9.) Because Plaintiff did not respond to this motion, the Court issued an order on April 13, 2012, directing Plaintiff to show cause, within thirty (30) days, why the pending motion should not be granted. (ECF No. 15.) The order notified Plaintiff that "[a] failure to respond to this order within the time specified will result in the dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 2.)

Plaintiff did not respond to the show cause order, and the time for a response has expired. Therefore, the Court DISMISSES the action WITH PREJUDICE, pursuant to Rule 41(b). The motion to dismiss or, alternatively, for summary judgment is DENIED as moot. Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Federal Rule of Appellate Procedure 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on

appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the litigant must file his motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss the action for failure to prosecute also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.[2]

IT IS SO ORDERED this 18th day of June, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2] If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.